IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DAVID E. KATES,**  **PLAINTIFF**
Reg #30428-077

V.                CASE NO. 2:17-CV-42-JLH-BD

**CARTER, et al.**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. Parties who do not object to the Recommendation risk waiving the right to appeal questions of fact.

### II.   Discussion:

A.   Background

Plaintiff David E. Kates, an inmate currently being held at Forrest City Medium, Federal Correctional Institution, filed this civil rights lawsuit on March 20, 2017. (Docket entry #1) Mr. Kates alleges that Defendants Futrell, Abbott and Wooding failed to protect

1

him, in violation of the Eighth Amendment. See *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (#1, #12) Specifically, Mr. Kates complains that the Defendants referred to him as a snitch and otherwise made it known to other inmates that he was in protective custody on March 4, 2017. He claims that these comments have put him at risk of assault or death at the hands of fellow inmates. (#12)

Defendants have moved for summary judgment on the issue of exhaustion, or, in the alternative, for dismissal under Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and qualified immunity. (#22) Mr. Kates has responded, contending that he did exhaust his administrative remedies. (#27)

B. Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are

2

available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

To fully exhaust administrative remedies within the Bureau of Prisons ("BOP"), a federal prisoner must submit an Informal Resolution to the appropriate staff member; file an Administrative Remedy Request with the Warden, if the attempt at informal resolution is unsatisfactory; appeal the Warden's response to the Regional Director; and appeal the Regional Director's response to the Office of the General Counsel. (#23-1. p. 3); see also 28 C.F.R. § 542.10 to 542.18. A grievance is not fully exhausted until it has been properly presented at all three levels of the administrative remedy process and has been denied at all three levels. (#23-1. p. 3)

All administrative remedy submissions from each BOP institution are recorded in a computer-based information system known as SENTRY. (#23-1. p. 3) Any submission from a BOP inmate, whether accepted or rejected, is permanently recorded. (#23-1. p. 3) Submissions into SENTRY are given a remedy ID number generated by the system and assigned the suffix of F1. (#23-1. p. 3) Upon appeal to the Regional Director, the appeal is assigned the same remedy ID number, but with the suffix R1. (#23-1. p. 3-4) An appeal to the General Counsel is assigned the same remedy ID number, but with the suffix A1. (#23-1. p. 4) If a submission is rejected and later resubmitted after the deficiencies are corrected, the remedy is affixed with the same remedy ID number and the corresponding, F2, R2, or A2. (#23-1, p.4)

As of October 30, 2017, Mr. Kates had filed 698 Administrative Remedy Requests or Appeals. (#23-1, p.4) It is undisputed that only three Administrative Remedy Requests

3

concern the claims at issue in the present case: 900043-F1, 900047-F1, 900048-F1. (#23-1, p.4)

On April 27, 2017, Mr. Kates filed Administrative Remedy Request 900043-F1, concerning complaints against Defendant Abbott. (#23-1, p.4) On May 25, 2017, Mr. Kates filed his Administrative Remedy Appeal 900043-R1, and it was rejected because the submission did not provide sufficient information for Regional review. (#23-1, p.4) Mr. Kates was given the chance to resubmit his appeal to the Regional Director. (#23-1, p.4) He did not resubmit his appeal to the Regional Director, however, and instead, filed Administrative Remedy Request 900043-A1 with the office of General Counsel on July 24, 2017. (#23-1, p.5) This appeal was rejected, and Mr. Kates was directed to resubmit his appeal to the Regional Director with errors corrected. (#23-1, p.5) He did not do so. (#23-1, p.5)

On April 27, 2017, Mr. Kates filed his Administrative Remedy Request 900047-F1 concerning complaints against Special Housing Unit staff. (#23-1, p.5) On May 25, 2017, he filed Administrative Remedy Appeal 900047-R1. (#23-1, p.5) It was rejected on June 13, 2017, because the submission did not provide sufficient information for Regional review. (#23-1, p.5) Mr. Kates was given an opportunity to resubmit the appeal, but he did not elect to resubmit his appeal. Instead, Mr. Kates filed Administrative Remedy Request 900047-A1 with the General Counsel. (#23-1, p.5) It was rejected on August 1, 2017, and he was directed to resubmit his appeal to the Regional Director with errors corrected. (#23-1, p.5) He did not do so. (#23-1, p.5)

4

On April 13, 2017, Mr. Kates filed Administrative Remedy Request 900048-F1, concerning complaints of harassment by Special Housing Unit officers. (#23-1, p.5) On May 25, 2017, he filed Administrative Remedy Appeal 900048-R1. (#23-1, p.6) It was rejected on June 13, 2017, because the submission did not provide sufficient information for Regional review. (#23-1, p.6) Mr. Kates filed Administrative Remedy Request 900048-A1 with the General Counsel. (#23-1, p.6) It was rejected on August 1, 2017, and he was directed to resubmit his appeal to the Regional Director with errors corrected. (#23-1, p.6) Mr. Kates did not so do. (#23-1, p.6)

Unfortunately for Mr. Kates, he did not follow the procedure set out by the BOP so as to fully exhaust his administrative remedies. Mr. Kates did not provide sufficient information for Regional review. Under BOP requirements, Mr. Kates cannot skip Regional review and appeal directly to the General Counsel.

Not only did Mr. Kates fail to fully exhaust any of the three grievances related to the claims in this lawsuit, but he also filed this lawsuit while the exhaustion process was still in progress—or not even begun—in the three relevant grievances. In order to proceed in federal court, an inmate must have fully exhausted his administrative remedies *before* filing his lawsuit. See *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Accordingly, Mr. Kates's lawsuit should be dismissed for failure to exhaust his administrative remedies.[1]

---

[1] Because the Court is recommending that this lawsuit be dismissed for failure to exhaust administrative remedies, it is not necessary to address Defendants' Rule 12 motions.

5

## III. <u>Conclusion:</u>

The Court recommends that Defendants' motion for summary judgment (#22) be GRANTED for failure to exhaust administrative remedies. Mr. Kates's lawsuit should be DISMISSED, without prejudice.

DATED this 12th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE